UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. BROWN, individually and on behalf of all other similarly situated persons and entities, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:12-cv-852 |
| | ) ) | **NOTICE OF REMOVAL** |
| INTELIUS INC., | ) ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendant Intelius Inc. ("Intelius" or "Defendant") hereby removes the state-court action entitled *Michael G. Brown, individually and on behalf of all other similarly situated persons and entities v. Intelius, Inc.*, Civil Action No. 12-slcc-01010, filed in the 21st Judicial Circuit Court of Missouri, St. Louis County.  As grounds for this removal under the Class Action Fairness Act, 28U.S.C. § 1446 ("CAFA"), Intelius states as follows:

1.  On or around March 16, 2012, Plaintiff Michael G. Brown ("Plaintiff) commenced this action in the Circuit Court of the County of St. Louis.  Plaintiff alleges that Defendant's operation of its public records search business on the Internet website, www.intelius.com, constitutes private investigator business under RSMo § 324.1104.  Plaintiff alleges that he "purchased, paid for, and received investigations" from Intelius in or around December 2010 and purports to represent a class of Missouri residents seeking rescission, actual

and compensatory damages, punitive damages, injunctive relief, incidental damages and an award of attorneys' fees against Intelius.[1]

2. On April 12, 2012, Plaintiff served the Summons, Directions, Class Action Petition, and Notice on Intelius's registered agent The Corporation Trust Company. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b). True and correct copies of the Summons, Directions, Class Action Petition, and Notice, which constitute all process, pleadings, and orders served upon Intelius, are attached hereto as Exhibit 1 as required by 28 U.S.C. § 1446(a) and Local Rule 81-2.03.

3. In accordance with 28 U.S.C. §§ 1446(a) and (d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the County of St. Louis of the State of Missouri and is being served on counsel of record.

4. Plaintiff purports to sue on behalf of himself and a class of similarly situated individuals and entities who allegedly suffered damages as a result of the alleged "wrongful, illegal and improper acts committed by Defendant, who allegedly has used its internet websites, including http://www.intelius.com, to engage in private investigator business in the State of Missouri and/or to engage in business in the State of Missouri as a private investigator agency without first obtaining the license(s) required by RSMo§324.1104."[2]

5. Plaintiff seeks to represent a class of "[a]ll residents of the State of Missouri, including individuals and legal entities, who for the time period February 1, 2010 to the date of final judgment or settlement (or the date when Defendant becomes licensed with the State of

---

[1] Class Action Petition ¶¶ 16, 32, 37, 43, 50, 61, 69, and 73 ("Complaint"), attached as part of Exhibit 1 to this Notice of Removal.
[2] Complaint ¶ 1.

2

Missouri pursuant to RSMo § 324.1104, if that occurs prior to final judgment or settlement), used the internet to purchase investigations from Defendant … ."[3]

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

7. CAFA's first requirement, that the proposed class include at least 100 members, is satisfied here. 28 U.S.C. § 1332(d)(5). Plaintiff alleges that "[t]he class is believed to contain hundreds of individuals and legal entities."[4]

8. The dispute also satisfies the CAFA requirement of minimal diversity. 28 U.S.C. § 1332(d)(2). Plaintiff alleges that he is a citizen of the state of Missouri.[5] Plaintiff also alleges that Intelius is a Delaware corporation with its principal place of business in Belleuve, Washington.[6] Accordingly, diversity of citizenship exists between at least one proposed class member and Defendant, satisfying CAFA's second requirement.

9. Plaintiff's putative class action satisfies the CAFA requirement that the aggregate amount in controversy must exceed $5 million exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).[7] Although Intelius disputes the merits of Plaintiff's claims, including the suitability of Plaintiff's individual claim for class adjudication, the putative class claims seek alleged damages (compensatory damages, punitive damages, incidental relief, injunctive relief and attorney fees) that, if awarded, could combine to exceed $5 million.

---

[3] Complaint ¶ 17.
[4] Complaint ¶ 19.
[5] Complaint ¶ 2.
[6] Complaint ¶ 3.
[7] Plaintiff does not specify the amount of actual damages he claims to suffer but alleges only that "[u]pon information and belief, [the monetary sums paid to Defendant from February 1, 2010 through present] amount[] to less than $75,000 per class member, exclusive of interest and costs, and less than $5 million in the aggregate." Complaint ¶ 23.

10. In Count I (Rescission), Count II (Money Had and Received), and Count III (Unjust Enrichment), Plaintiff seeks to rescind the transactions between Intelius and each putative class member and to obtain "restitution in the form of all monetary sums received by Defendant from Plaintiff and the members of the putative class for 'private investigator business investigations.'"[8] Plaintiff also seeks an award of attorneys' fees and interest for each of these counts.

11. In Count IV (Breach of Contract), Plaintiff alleges that the true value of the public record searches provided to Plaintiff and members of the putative class "was and is $0.00, as Defendant was providing services for which it was not and is not licensed" and seeks "actual and compensatory damages for the difference in the purchase price paid by Plaintiff and the members of the putative class for the [searches] and what the value of the [searches] would have been in the presence of the license(s) required by RSMo §324.1104."[9]

12. In Count V (Negligent Misrepresentation by Omission), Plaintiff alleges that Intelius "acted with reckless indifference in failing to ensure that it disclosed the material fact that it was not licensed as required by RSMo § 324.1104."[10] Plaintiff seeks (a) actual and compensatory damages (as described in par. 11), (b) punitive damages in a fair and reasonable amount, (c) interest, and (d) costs.[11]

13. In Count VI (Missouri Merchandising Practices Act), Plaintiff seeks (a) actual and compensatory damages, (b) punitive damages in a fair and reasonable amount, (c) attorneys' fees, (d) interest, and (e) costs.[12]

---

[8] Complaint ¶ 32(d). *See also* Complaint ¶¶ 37(d), ¶43(c).
[9] Complaint ¶ 50(c).
[10] Complaint ¶ 59.
[11] Complaint ¶ 61 (c)-(f).
[12] Complaint ¶ 69 (c)-(g).

4

14. Intelius disputes the merits of Plaintiff's claims, including, without limitation, all of Plaintiff's allegations regarding the nature of Intelius's business, the value of the public record searches completed by Missouri residents, and the applicability and interpretation of the Missouri statutes on which Plaintiff relies.

15. Notwithstanding Intelius's dispute of Plaintiff's claims, Plaintiff's putative class action places into controversy a sum in excess of $5,000,000.  As demonstrated in the Intelius employee declaration and Excel spreadsheet attached as Exhibit 2, which show the amount of Intelius's sales to Missouri customers during the alleged class period, Plaintiff and the putative class potentially could seek over $2,000,000 in restitution damages alone.[13]  Between February 1, 2010 (the alleged start of the putative class period) to March 31, 2012, Intelius received approximately $1,900,000 in sales to Missouri customers who conducted public record searches.[14]  This figure does not include any sales since April 1, 2012—which Plaintiff alleges also are in violation of the statute.[15]

16. In addition, Plaintiff seeks an order enjoining Intelius from continuing the allegedly unlicensed sales.[16]  If granted, based on Intelius's sales over the past 24months, such relief may cost the company several million dollars in lost sales (during an appeal of any such

---

[13] Intelius reserves all of its defenses in this matter, including the right to move to strike plaintiff's class allegations to oppose class certification, and to exclude individuals from the putative class based on the particular facts of their transaction.
[14] Exhibit 2, Declaration of Shekhar Mantravadi, ¶ 2.
[15] Complaint ¶ 23 (seeking return of sums to present day); Complaint ¶ 72 (alleging that Intelius continues to engage in private investigator business without a license).
[16] Complaint ¶¶ 70-73.

5

order). Plaintiff's injunctive relief claim also seeks an unspecified amount of incidental damages.[17]

17. Plaintiff also seeks punitive damages for Intelius's allegedly reckless conduct without stating any limitation as to the amount sought.[18] In light of the amount of restitution / actual damages allegedly at issue (see Par. 15 above), the requested punitive damages award readily establishes that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See Bass v. Carmax Auto Superstores, Inc.,* No. 07-0883-CV-W-ODS, 2008 WL 441962 (W.D. Mo. Feb. 14, 2008) (denying motion to remand where alleged actual damages combined with potential punitive damages and attorney fee awards established possibility of $5 million award); *Brown v. City Chevrolet, LLC*, No. 09-0642-CV-W-GAF, 2009 WL 3485833 (W.D. Mo. Oct. 28, 2009) (same); *Kerr v. Ace Cash Experts, Inc.*, No. 4:10 CV 1645 DDN, 2010 WL 5177977 (E.D. Mo. Dec. 14, 2010) (same).

18. Accordingly, Plaintiff has alleged putative class claims for actual damages, injunctive relief, punitive damages and an award of attorneys' fees that meet the jurisdictional requirement under CAFA.

---

[17] Complaint ¶ 73(e). Plaintiff does not specifically allege the value of the requested injunctive relief but rather that Intelius's burden with complying with RSMo §324.1104 "is small compared to the loss to Plaintiff and the members of the putative class." Complaint ¶ 73.
[18] Complaint, Counts V (Negligent Misrepresentation by Omission) and VI (Missouri Merchandising Practices Act). The Missouri Merchandising Practices Act does not provide for a limit on the amount of punitive damages awards.

19. For all of the foregoing reasons, this action is properly removed to this Court pursuant to CAFA.

By_____/s/ Timothy G. O'Connell_____
Darci F. Madden Mo. 514630MO
Timothy G. O'Connell 61839MO
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
dfmadden@bryancave.com
tim.oconnell@bryancave.com

Tyler L. Farmer (pro hac vice pending)
DANIELSON HARRIGAN LEYH &
TOLLEFSON LLP
999 Third Avenue, Suite 4400
Seattle, WA  98104
Telephone:  (206) 623-1700
Facsimile:  (206) 623-8717
tylerf@dhlt.com

*Attorneys for Defendant Intelius Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 11th day of May, 2012, upon the following counsel of record by the method indicated below:

**Attorneys for Plaintiff:**

| | |
|---|---|
| James G. Onder, #38049 | _____ Messenger |
| Michael S. Kruse, #57818 | __X__ Email |
| Onder, Shelton, O'Leary & Peterson, LLC | _____ ECF |
| 110 East Lockwood, 2d Floor | _____ Facsimile |
| St. Louis, MO  63119 | __X__ US Mail |
| Telephone:  (314) 963-9000 | |
| Fax:  (314) 963-1700 | |
| onder@onderlaw.com | |
| kruse@onderlaw.com | |
| | |
| John F. Medler, Jr., #38533 | _____ Messenger |
| The Medler Law Firm, LLC | __X__ Email |
| 7700 Bonhomme Avenue, Suite 360 | _____ ECF |
| Clayton, MO  63105 | _____ Facsimile |
| Telephone:  (314) 727-8777 | __X__ US Mail |
| Fax:  (314) 727-7001 | |
| john@medlerlawfirm.com | |
| | |
| Joel J. Schwartz, #39066 | _____ Messenger |
| Rosenblum, Schwartz, Rogers & Glass, P.C. | __X__ Email |
| 120 South Central, Suite 130 | _____ ECF |
| Clayton, MO  63105 | _____ Facsimile |
| Telephone:  (314) 862-4332 | __X__ US Mail |
| Fax:  (314) 862-8050 | |
| jschwartz@rsrglaw.com | |

/s/ Timothy G. O'Connell_____

Counsel for Defendant Intelius, Inc.