## UNITED STATES DISTICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL G. BROWN, individually and
on behalf of all other similarly situated
persons and entities,

                Plaintiff,

v.

INTELIUS, INC.,

                Defendant.

Case Number: 4:12-CV-00852-AGF

**JURY TRIAL DEMANDED**

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff Michael G. Brown, individually and on behalf of all other similarly situated persons and entities, and alleges the following upon information and belief:

## INTRODUCTION

1.    This is a class action brought pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Prodedure and the Missouri Merchandising Practices Act, RSMo §§ 407.010, *et seq*., by Plaintiff Michael G. Brown ("Plaintiff"), individually and on behalf of all other similarly situated persons and entities, against Defendant Intelius, Inc. ("Defendant"), to recover damages sustained as a result of the wrongful, illegal and improper acts committed by Defendant, who has used internet websites, such as http://www.intelius.com and other internet platforms, to engage in private investigator business in the State of Missouri and/or to engage in business in the State of Missouri as a private investigator agency without first obtaining the license(s) required by RSMo § 324.1104.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an adult and a citizen of the State of Missouri.

3.      Defendant is a Delaware corporation with its principal place of business located in Bellevue, Washington.

4.      At all pertinent times, Defendant has conducted business in the State of Missouri, including the engagement of private investigator business and/or the engagement of business as a private investigator agency in the State of Missouri through its internet websites, including, but not limited to, http://www.intelius.com, and other internet platforms, including, but not limited to, http://www.peoplefinder.com.

5.      This Court has personal jurisdiction over Defendant pursuant to the Missouri Long Arm Statute, RSMo § 506.500, and the United States Constitution as (i) the business transactions and the tortious conduct at issue occurred within the State of Missouri, (ii) Defendant is conducting, and at all pertinent times did conduct, continuous and systematic business within the State of Missouri, and (iii) Defendant has purposefully and knowingly engaged in private investigator business and/or engaged in business as a private investigator agency in the State of Missouri, with the intent that its services be purchased in the State of Missouri by Missouri citizens and residents.

6.      Venue is proper in the Circuit Court of the County of St. Louis, State of Missouri pursuant to RSMo § 407.025 because the transaction at issue occurred in the County of St. Louis, State of Missouri. Venue is also proper in the Circuit Court of the County of St. Louis, State of Misouri pursuant to RSMo § 508.010 because Plaintiff first suffered harm in the County of St. Louis, State of Missouri.

## FACTUAL ALLEGATIONS

7.     At all pertinent times, Defendant operated internet websites, including, but not limited to, http://www.intelius.com, for the purpose of engaging in private investigator business and/or engaging in business as a private investigator agency, in the State of Missouri, as defined and used by RSMo §§ 324.1100, *et seq*.

8.     At all pertinent times, Defendant also used a number of other internet platforms, including, but not limited to, http://www.peoplefinder.com, for the purpose of engaging in private investigator business and/or engaging in business as a private investigator agency, in the State of Missouri, as defined and used by RSMo §§ 324.1100, *et seq*.

9.     At all pertinent times, persons engaging in private investigator business in the State of Missouri were required to be licensed by the State of Missouri pursuant to RSMo § 324.1104.

10.     At all pertinent times, persons engaging in business in the State of Missouri as a private investigator agency were required to by licensed by the State of Missouri pursuant to RSMo § 324.1104.

11.     As of February 1, 2010, the State of Missouri had mechanisms and procedures in place to accept applications and issue licenses to persons engaged in private investigator business in the State of Missouri and persons engaged in business in the State of Missouri as a private investigator agency.

12.     At all pertinent times, through internet websites, including, but not limited to, http://www.intelius.com and all other internet websites with which Defendant is affiliated, Defendant engaged in private investigator business in the State of Missouri and/or engaged in business in the State of Missouri as a private investigator agency.

13.     At all pertinent times, for Defendant's profit or gain, Defendant and/or its employees regularly furnished, made, and/or agreed to make investigations on behalf of persons or legal entities in the State of Missouri, with such investigations being done for the purpose of obtaining information pertaining to (a) crimes or wrongs done or threatened against the United States or any state or territory of the United States, (b) the identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person, and/or (c) the sale of personal identification information.  In particular, Defendant's investigations included, but were not limited to, obtaining and providing information on a subject's address and phone number history, date of birth, criminal history, property ownership, marriage/divorce history, judgment history, lien history, bankruptcy history, social network history, as well as obtaining and providing information on the members of a subject's household, information on a subject's relatives, and information on a subject's neighbors.

14.     At no pertinent time has Defendant ever held a license to engage in private investigator business in the State of Missouri, nor has it ever held a license to engage in business in the State of Missouri as a private investigator agency.  Moreover, Defendant has never applied for any such licenses.

15.     At no pertinent time have any of Defendant's employees ever been licensed pursuant to RSMo § 324.1104 to engage in private investigator business in the State of Missouri.

16.     At all pertinent times, Defendant's failure to hold the license(s) required by RMSo § 324.1104, was information that a reasonable consumer would consider important in

deciding whether to hire Defendant for the purpose of having the Defendant or its employees engage in private investigator business.

17.     In or around December 2010, Plaintiff went to Defendant's website http://www.intelius.com while in the County of St. Louis, State of Missouri, and, with the agreement of Defendant, Plaintiff purchased, paid for, and received investigations that obtained and provided information on certain individuals' locations and whereabouts, and such information was provided to Plaintiff in the County of St. Louis, State of Missouri.  Plaintiff's payment for these investigations has been accepted, received and retained by Defendant. Plaintiff's purchases were for his own personal and/or household use.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Missouri Rules of Civil Procedure and the Missouri Merchandising Practices Act, RSMo §§ 407.010, *et seq*. on behalf of himself individually and the following class of persons:  All residents of the State of Missouri, including individuals and legal entities, who, for the time period February 1, 2010 to the date of final judgment or settlement (or the date when Defendant becomes licensed with the State of Missouri pursuant to RSMo § 324.1104, if that occurs prior to final judgment or settlement), used the internet to purchase investigations from Defendant that Defendant  furnished, made, and/or agreed to make for the purpose of obtaining information pertaining to: (a) crimes or wrongs done or threatened against the United States or any state or territory of the United States, (b) the identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person, and/or (c) the sale of personal identification information.

19.     Excluded from the Class are any individuals or entities who otherwise satisfy the class definition in the preceding paragraph but have agreed to any amended form of Defendant's "Terms and Conditions" of use that contains a class action waiver, jury trial waiver, and/or agreement to participate in binding arbitration; Defendant, including any parent, subsidiary, affiliate, or controlled person; Defendant's officers, directors, agents or employees; the judicial officers assigned to this litigation and the members of their staffs and immediate families; and, any legal representative, successor, or assign of any excluded persons or entities.

20.     The proposed class meets all requirements for class certification.  The class satisfies the numerosity standards.  The class is believed to contain hundreds of individuals and legal entities.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this class action by published and broadcast notice, mail, e-mail, and notice on Defendant's website.

21.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a.   Whether Defendant is or was ever licensed to engage in private investigator business in the State of Missouri as required by RSMo § 324.1104;

b.   Whether Defendant is or was ever licensed to engage in business in the State of Missouri as a private investigator agency as required by RSMo § 324.1104;

c.   Whether Defendant has engaged in private investigator business in the State of Missouri;

d.   Whether Defendant has engaged in business in the State of Missouri as a private investigator agency;

e.   Whether Defendant has entered into illegal contracts calling for it or its employees to engage in private investigator business in the State of Missouri, as defined by RSMo § 324.1100(16);

f.   Whether Defendant negligently omitted the material fact from consumers that it was not licensed engage in private investigator business in the State of Missouri as required by RSMo § 324.1104;

g.   Whether Defendant negligently omitted the material fact from consumers that it was not licensed to engage in business in the State of Missouri as a private investigator agency as required by RSMo § 324.1104;

h.   Whether the members  of the putative class are entitled to rescission and restitution for any investigations that they purchased from Defendant, through the internet, that Defendant, or its employees, has furnished, made, or agreed to make for the purpose of obtaining information pertaining to (a) crimes or wrongs done or threatened against the United States or any state or territory of the United States, (b) the identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person, and/or (c) the sale of personal identification information, and for which the members of the putative class have paid Defendant;

i.   Whether Defendant has been unjustly enriched as a result of engaging in private investigator business in the State of Missouri, without a license as required by RSMo § 324.1104;

j.   Whether Defendant has been unjustly enriched as a result of engaging in business in the State of Missouri as a private investigator agency, without a license as required by RSMo § 324.1104;

k.   Whether Defendant has violated the Missouri Merchandising Practices Act by engaging in private investigator business in the State of Missouri, without a license as required by RSMo § 324.1104;

l.   Whether Defendant has violated the Missouri Merchandising Practices Act by engaging in business in the State of Missouri as a private investigator agency, without a license as required by RSMo § 324.1104

22.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

23.     The Plaintiff is an adequate representative of the class because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who have extensive experience prosecuting complex class action litigation.

24.     Plaintiff, on behalf of himself individually and the putative class, seeks a return of all monetary sums paid to Defendant for all "private investigator business investigations"[1] purchased from Defendant, over the internet, for the time period February 1, 2010 through the present.   Upon information and belief, this amounts to less than $75,000 per class member, exclusive of interest and costs, and less than $5 million in the aggregate.

25.     Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the Courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

26.     Notice can easily be provided to class members through a number of means as all class members can be identified from records and transaction reports Defendant maintains for any and all users of its services.

## COUNT I
## RESCISSION

---

[1] The use of the phrase "private investigator business investigations" as used in this paragraph, as well as all subsequent paragraphs, should be read as referring to investigations that have been furnished, made, or agreed to be made by Defendant, or its employees, for the purpose of obtaining information pertaining to (a) crimes or wrongs done or threatened against the United States or any state or territory of the United States, (b) the identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person, and/or (c) the sale of personal identification information.

27.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

28.     At all pertinent times, Defendant has had fully formed agreements with Plaintiff and the members of the putative class, whereby it was to provide "private investigator business investigations" to Plaintiff and the members of the putative class.  These agreements were entered into with Defendant over the internet, while Plaintiff and the members of the putative class were in the State of Missouri.  These agreements were entered into with Defendant both through Defendant's own websites, such as http://www.intelius.com,  and the other internet forums with which Defendant is affiliated, including, but not limited to, http://www.peoplefinder.com.   The results of the "private investigator business investigations" called for by these agreements were to be and were actually provided to Plaintiff and the members of the putative class in the State of Missouri.

29.     Each of the agreements referenced in the preceding paragraph were implicitly conditioned on Defendant being licensed to engage in private investigator business in the State of Missouri and/or Defendant being licensed to engage in business in the State of Missouri as a private investigator agency, as required RSMo § 324.1104.

30.     Plaintiff and the members of the putative class have paid Defendant in conjunction with the aforementioned agreements for "private investigator business investigations."

31.     At all pertinent times, it has been illegal for Defendant to sell and provide "private investigator business investigations" to Plaintiff and the members of the putative class.

32.     At no pertinent time has it been illegal for Plaintiff and the members of the putative class "private investigator business investigations" from Defendant.

9

33.     As a direct and proximate result of having been charged and paying for "private investigator business investigations" that were illegal for Defendant to offer, pursuant to unenforceable agreements, Plaintiff and the members of the putative class have suffered monetary damage in the form of all fees paid to Defendant for "private investigator business investigations" for the time period at issue.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons and entities, demands judgment as follows:

a.     Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.     For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.     For rescission of all agreements for the "private investigator business investigations" referenced above between Plaintiff and the members of the putative class and the Defendant;

d.     For restitution in the form of all monetary sums received by Defendant from Plaintiff and the members of the putative class for "private investigator business investigations";

e.     Attorneys fees';

f.     Prejudgment and post-judgment interest at the maximum rate allowable by law;

g.     Costs expended herein;

h.     Such other and further relief as the Court deems just and proper.

## <u>COUNT II</u>
## <u>MONEY HAD AND RECEIVED</u>

34.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

35.     Defendant has received and/or obtained money from Plaintiff and the members of the putative class in conjunction with payments made by Plaintiff and the members of the putative class to Defendant for "private investigator business investigations" in the State of Missouri, as set forth above.

36.     Defendant has retained all monetary sums received from Plaintiff and the members of the putative class for "private investigator business investigations", and Defendant has benefited from receiving payments for performing services it has never been licensed to perform.

37.     It is unjust to allow Defendant to retain the money it has accepted and received from Plaintiff and the members of the putative class for the performance of "private investigator business investigations" in the State of Missouri, an activity for which it has never been licensed.

38.     As a direct and proximate result of Defendant accepting and retaining the aforementioned monies paid by Plaintiff and the members of the putative class, Plaintiff and the members putative class have been harmed and Defendant has been unjustly enriched.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons and entities, demands judgment as follows:

a.      Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.      For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.      For restitution in the form of all monetary sums Defendant received from Plaintiff and the members of the putative class to provide "private investigator business investigations,"

d.      Attorneys fees';

e.      Prejudgment and post-judgment interest at the maximum rate allowable by law;

f.      Costs expended herein;

g.      Such other and further relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

39.      Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

40.      Plaintiff and the members of the putative class have conferred benefits upon Defendant by purchasing "private investigator business investigations" in the State of Missouri from Defendant's website(s), as set forth above, and by having paid for such services.

41.      At all pertinent times, Defendant has acknowledged receipt of the purchases and payments referenced in the preceding paragraph by way of providing purchase and payment confirmations to Plaintiff and the members of the putative class.

42.      Defendant has accepted and retained each of the aforementioned payments received from Plaintiff and the members of the putative class.

43.      It would be inequitable for Defendant to retain any of the aforementioned payments received from the Plaintiff and the members of the putative class because the payments were collected pursuant to unenforceable and illegal contracts, and the payments were for services Defendant was not licensed to perform.

44.      As a direct and proximate result of Defendant accepting and retaining the aforementioned monies paid by Plaintiff and the members of the putative class, Plaintiff and the members putative class have been harmed and Defendant has been unjustly enriched.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons and entities, demands judgment as follows:

a.  Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.  For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.  For restitution in the form of all monetary sums Defendant received from Plaintiff and the members of the putative class to perform "private investigator business investigations";

d.  Attorneys fees';

e.  Prejudgment and post-judgment interest at the maximum rate allowable by law;

f.  Costs expended herein;

g.  Such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT

45.  Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

46.  At all pertinent times, Defendant has had fully formed agreements with Plaintiff and the members of the putative class, whereby it was to provide "private investigator business investigations" to Plaintiff and the members of the putative class in exchange for monetary compensation.

47.  Each of the agreements referenced in the preceding paragraph were implicitly conditioned on Defendant being licensed in accordance with RSMo § 324.1104.

48.     Plaintiff and the members of the putative class have paid Defendant in conjunction with the aforementioned agreements.

49.     Defendant materially breached each of the aforementioned agreements it entered into with Plaintiff and the members of the putative class by failing to be licensed in accordance with RSMo § 324.1104.

50.     As a direct and proximate result of the aforementioned breach, Plaintiff and the members of the putative class have suffered damage and economic harm in that they purchased and paid for "private investigator business investigations" that were worth less than what was called for by the aforementioned agreements.

51.     The aforementioned agreements called for Defendant to provide Plaintiff and the members of the putative class "private investigator business investigations" worth the amount Defendant charged; however, the true value of the "private investigator business investigations" provided by Defendant in exchange for the payments it received from Plaintiff and the members of the putative class was and is $0.00, as Defendant was providing services for which it was not and is not licensed.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons and entities, demands judgment as follows:

a.      Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.      For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.      Actual and compensatory damages for the difference in the purchase price paid by Plaintiff and the members of the putative class for the aforementioned "private investigator business investigations" and what the value of the "private

investigator business investigations" would have been in the presence of the license(s) required by RSMo §324.1104;

d.      Prejudgment and post-judgment interest at the maximum rate allowable by law;

e.      Costs expended herein;

f.      Such other and further relief as the Court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION BY OMISSION

52.      Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

53.      At all pertinent times, Defendant has known that it is not and has not ever been licensed to engage in private investigator business in the State of Missouri as required by RSMo § 324.1104.

54.      At all pertinent times, Defendant has known that it is not and has not ever been licensed to engage in business in the State of Missouri as a private investigator agency as required by RSMo § 324.1104.

55.      The fact that Defendant has at no pertinent time been licensed as required by RSMo § 324.1104 is a fact peculiarly within Defendant's knowledge.

56.      When Plaintiff and the members of the putative class purchased "private investigator business investigations" from Defendant, Defendant negligently failed to disclose the material fact that it was not licensed in the State of Missouri as required by RSMo § 324.1104.

57.      At all pertinent times, Defendant failed to exercise reasonable care to ensure that it disclosed the material fact that it was not licensed, as required by RSMo § 324.1104, to Plaintiff and the members of the putative class.

58.     The fact that Defendant has at no pertinent time held the license(s) required by RSMo § 324.1104 was not within the fair and reasonable reach of Plaintiff and the members of the putative class.

59.     The exercise of reasonable diligence would not have allowed Plaintiff and the members of the putative class to discover that Defendant was not licensed as required by RSMo § 324.1104.

60.     Defendant acted with reckless indifference in failing to ensure that it disclosed the material fact that it was not licensed as required by RSMo § 324.1104.

61.     As a direct and proximate result of the Defendant's negligent failure to disclose the aforementioned material fact, Plaintiff and the members of the putative class have suffered damage and economic harm in that they purchased and paid for "private investigator business investigations" that were worth less than the amount Defendant was able to charge as a result of its negligent actions.

62.     The true value of the "private investigator business investigations" purchased by Plaintiff and the members of the putative class from Defendant was and is $0.00, as Defendant was and is providing services for which it was not and is not licensed.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons and entities, demands judgment as follows:

a.      Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.      For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.      Actual and compensatory damages for the difference in the purchase price paid by Plaintiff and the members of the putative class for the aforementioned "private

investigator business investigations" and the true value of the "private investigator business investigations" absent the concealment, suppression or omission of material facts by Defendant;

d.      Punitive damages in a fair and reasonable amount;

e.      Prejudgment and post-judgment interest at the maximum rate allowable by law;

f.      Costs expended herein;

g.      Such other and further relief as the Court deems just and proper.

**COUNT V**
**MISSOURI MERCHANDISING PRACTICES ACT**

63.      Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

64.      Plaintiff, individually and on behalf of all other similarly situated persons and entities, brings this Count on behalf of the following sub-class:  All members of the putative class whose purchases were made for personal and/or household use.

65.      At all pertinent times, Plaintiff and the members of the putative sub-class, while in the State of Missouri and for their personal and/or household use, used the internet in the State of Missouri to purchase from Defendant the performance of "private investigator business investigations."  Through the internet, the results of these investigations were delivered to the members of the putative sub-class in the State of Missouri.

66.      Defendant engaged in unlawful practices including the concealment, suppression or omission of material facts in connection with the sale of the aforementioned "private investigator business investigations" in violation of RSMo § 407.010 *et seq.* by failing to disclose to Plaintiff and the members of the putative sub-class that it did not hold the license(s) required by RSMo § 324.1104.

17

67.     Defendant's failure to disclose to Plaintiff and the members of the putative sub-class that was it was selling the aforementioned "private investigator business investigations" without the license(s) required by RSMo § 324.1104 was done with a reckless indifference towards the rights of Plaintiff and the members of the putative class.

68.     As a direct and proximate result of the aforementioned concealment, suppression and omission of material facts, Defendant was able to charge Plaintiff and the members of the putative sub-class more for the aforementioned "private investigator business investigations" then they were worth.

69.     As a direct and proximate result of the Defendant's violations of the Missouri Merchandising Practices Act, Plaintiff and the members of the putative sub-class have suffered damage and economic harm in that they purchased and paid for "private investigator business investigations" that were worth less than the amount charged by Defendant.

70.     The true value of the "private investigator business investigations" purchased by Plaintiff and the members of the putative sub-class from Defendant was and is $0.00, as Defendant was providing services for which it was not and is not licensed.

WHEREFORE, Plaintiff, on behalf of himself and the putative sub-class, demands judgment as follows:

a.     Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Missouri Rules of Civil Procedure and/or RSMo § 407.025   and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b.     For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c.     Actual and compensatory damages for the difference in the purchase price paid by Plaintiff and the members of the putative class for the aforementioned "private investigator business investigations" and the true value of the "private investigator

business investigations" absent the concealment, suppression or omission of material facts by Defendant;

d.      Punitive damages in a fair and reasonable amount;

e.      Attorneys fees';

f.      Prejudgment and post-judgment interest at the maximum rate allowable by law;

g.      Costs expended herein;

h.      Such other and further relief as the Court deems just and proper.

**COUNT VI**
**INJUNCTION**

71.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

72.     Plaintiff and the members of the putative class have suffered irreparable harm by Defendant receiving payments from them for the performance of "private investigator business investigations," which Defendant is not licensed to provide in the State of Missouri.

73.     Plaintiff and the members of the putative class lack an adequate remedy at law to provide redress for Defendant's wrongdoing as Defendant's actions are being constantly repeated; Defendant continues to engage in private investigator business in the State of Missouri without a license; Defendant continues to engage business in the State of Missouri as a private investigator agency without a license.

74.     The balance of hardships weighs in favor of granting an injunction prohibiting the Defendant from obtaining further money for engaging in private investigator business and/or engaging in business as a private investigator agency in the State of Missouri until such time as it is licensed with the State; the failure to enjoin Defendant's actions defeats the purpose of a law

meant to protect Missouri citizens; the burden on Defendant with complying with RSMo § 324.1104 is small compared to the loss to Plaintiff and the members of the putative class.

WHEREFORE, Plaintiff on behalf of himself and the members of the putative class demands judgment as follows:

a. Determination that this action is a proper class action and maintainable pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure and/or any other applicable laws, and that Plaintiff is an appropriate class representative;

b. For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c. An order enjoining Defendant from engaging in private investigator business in the State of Missouri until such time as it is licensed in compliance with RSMo § 324.1104;

d. An order enjoining Defendant from engaging in business in the State of Missouri as a private investigator agency until such time as it is licensed in compliance with RSMo § 324.1104

d. Incidental damages to Plaintiff and the members of the putative class;

e. Costs expended herein;

f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other similarly situated persons and entities, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


ONDER, SHELTON, O'LEARY &
PETERSON, LLC

By:    /s/ Michael S. Kruse
       James G. Onder, #38049MO
       Michael S. Kruse, #57818MO
       110 E. Lockwood, 2nd Floor
       St. Louis, MO 63119
       314/963-9000 telephone
       314/963-1700 facsimile
       onder@onderlaw.com
       kruse@onderlaw.com

and

       THE MEDLER LAW FIRM, LLC
       John F. Medler, Jr
       Tamara M. Medler
       7700 Bonhomme Ave Suite 360
       Clayton, MO 63105
       (314)-727-8777 (office)
       (314)-210-4745 (cell)
       (314)-727-7001 (fax)
       john@medlerlawfirm.com
       tammy@medlerlawfirm.com

and


       ROSENBLUM, SCHWARTZ,
       ROGERS & GLASS, P.C
       Joel J. Schwartz,
       120 South Central Suite 130
       Clayton, MO 63105
       314-862-4332 telphone
       jschwartz@rsrglaw.com

       *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on all counsel of record via the Court's ECF system this 25th day of May, 2012.


/s/ Michael S. Kruse