UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. BROWN, individually and on behalf of all other similarly situated persons and entities, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:12CV00852 AGF |
| INTELIUS, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael G. Brown, individually and on behalf of all other similarly situated persons and entities, brings this putative class action against Defendant, Intelius, Inc., for damages allegedly sustained as a result of deceptive advertising that appeared on Defendant's website. The matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to state claims upon which relief can be granted. For the reasons set forth below, the Court will grant Defendant's motion.

## BACKGROUND

According to Plaintiff's complaint, Defendant is a business that provides personal and private information about individuals to paying customers. In December 2010 Plaintiff contracted with Defendant through its website, http://intelius.com, seeking information on individuals that Defendant claimed it could provide, including information on individuals' whereabouts. The complaint alleges that Defendant provided Plaintiff

with information about certain individuals, including their current whereabouts, criminal history, property ownership, social network history, and relatives. Defendant delivered the information, and Plaintiff accepted and paid for it.[1] The information was for Plaintiff's personal or household use. At no time did Defendant hold a license to engage in business in the State of Missouri as a private investigator agency, nor was it ever in the process of obtaining such a license.

In Count I of his seven-count complaint, Plaintiff seeks rescission of his contract with Defendant. Plaintiff asserts that the agreement was implicitly conditioned on Defendant being licensed as a private investigator business under Missouri Revised Statutes § 324.1104.[2] Plaintiff claims that by not being licensed, Defendant illegally sold and provided investigations, and that Plaintiff suffered damages in the form of fees paid.

In Count II, Plaintiff alleges that it is unjust to allow Defendant to retain the money it has received for investigations that it was not licensed to undertake. In Count III,

---

[1] The amount paid is not specified in the complaint.

[2] This section provides that any person engaging in a private investigator business must be licensed. Section 324.1100 (16) defines private investigator business as:

> the furnishing of, making of, or agreeing to make, any investigation for the purpose of obtaining information pertaining to:
> \* \* \*
> (b) The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person;
> \* \* \*
> (e) Sale of personal identification information to the public . . . .

2

Plaintiff alleges that Defendant was unjustly enriched by accepting and retaining Plaintiff's payments in exchange for providing information that was illegal to provide.

Count IV of the complaint alleges that Defendant breached an implied condition of the contract with Plaintiff by failing to be licensed. Plaintiff claims that the true value of the information provided was nothing because Defendant was providing services for which it was not licensed. In Count V, Plaintiff alleges that Defendant negligently misrepresented itself as licensed by omission, and as a result, Plaintiff suffered damage and economic harm because the information Defendant furnished was worthless due to Defendant's failure to be properly licensed.

Count VI of the complaint (mistakenly labeled Count V) claims that Defendant violated Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.020, by concealing and omitting the fact that it was not licensed as a private investigator business. Again, Plaintiff claims to have suffered damages because the information provided to him was worth nothing. And Count VII of the complaint (mistakenly labeled Count VI) requests an injunction against Defendant, prohibiting it from collecting money in exchange for private investigation information and from engaging in business as a private investigator business until it is so licensed.

Defendant, in support of its motion to dismiss, argues that it does not fall under the ambit of § 324.1104 because its business is providing public-record searches over the Internet, and thus, the language of the statute does not apply. Defendant claims that its

databases allow customers to perform data verification and person, property, and address location, and that the information in the databases is taken from public sources. Defendant argues alternatively that § 324.1104 does not create a private right of action and that no private right of action can be implied.

Defendant attached a copy of the "Terms & Conditions" that governed Plaintiff's contract with Defendant.[3] The relevant provisions state:

> 1. **Access to Intelius.** Upon registration, [Defendant] grants you a nontransferable, nonexclusive license to access our databases and the information contained in the databases, solely for the purpose of performing data verification, person, property and address location and related searches for qualified individual commercial use only . . . .
>
>         \*           \*           \*
>
> 7. **Disclaimer of Warranties.** The information in the [Defendant's] databases has been compiled from public records and other proprietary sources for the specific purposes of (1) locating individuals, property and businesses, and/or (2) providing general background information about individuals and businesses for verification purposes. Neither [Defendant] nor any of our data suppliers represents or warrants that the Information is current, complete, or accurate. [Defendant] HEREBY DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES REGARDING THE PERFORMANCE OF THE SERVICE AND THE ACCURACY,

---

[3] Generally, when considering a motion to dismiss where the court is presented with and considers matters outside of the pleadings, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). However, the court does not need to convert the motion if the matters presented are incorporated by reference, are integral to the claim, or are exhibits whose authenticity is unquestioned. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Here the Terms & Conditions are integral to the claims because they govern the contract that Plaintiff and Defendant entered into. Plaintiff does not dispute the authenticity of the Terms & Conditions in his response to Defendant's motion to dismiss.

CURRENCY, OR COMPLETENESS OF THE INFORMATION, INCLUDING (WITHOUT LIMITATION) ALL WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. ADDITIONALLY, UNDER NO CIRCUMSTANCES SHALL WE BE LIABLE TO YOU FOR ANY DAMAGES WHATSOEVER, INCLUDING (WITHOUT LIMITATION) ANY DIRECT, SPECIAL, INCIDENTAL, EXEMPLARY OR CONSEQUENTIAL DAMAGES, LOST PROFITS, OR ANY OTHER CLAIMS OF YOURS OR THIRD PARTIES, EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. You assume all risks associated with the use of our database and information.

(Doc. No. 15-2.)

Defendant maintains that the Terms & Conditions demonstrate that Defendant permitted Plaintiff access to database information, and that Defendant did not perform any "investigation" as that term is used in §324.1104. Defendant further argues that, even if a private right of action can be implied under § 324.1104, Plaintiff's complaint fails to state a claim because Plaintiff makes only conclusory allegations and states no facts showing that he suffered any financial harm. Lastly, Defendant argues that Plaintiff's claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230, which grants Internet service providers ("ISPs") immunity in any cause of action based on information originating with a third-party user of the service.

Plaintiff responds that the language of Missouri's private investigator statute does cover Defendant, and that Plaintiff is not seeking to recover under the statute, but is using the statute as the basis for his common law claims. Plaintiff argues that the facts alleged in the complaint, accepted as true, meet federal pleading requirements. Plaintiff posits

that he has suffered damages because the information he received has no value. Missouri, by having a licensing requirement, is "seeking to ensure a certain level of reliability and qualification in the field of private investigation." (Doc. No. 20 at 10.) Thus, Plaintiff argues, "if information has no reliability . . . [it] has no value." *Id.* Plaintiff claims that Defendant and himself were not *in peri delicto*, and that as the less guilty party he may recover all fees paid. Lastly, Plaintiff argues that the Communications Decency Act does not apply because that act applies to actions sounding in libel or slander.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

This Court is sitting in diversity. Absent controlling law from the highest court of the state on an issue, a federal court sitting in diversity must attempt to predict what the

state supreme court would decide if it were to address the issue; in pursuing such an endeavor, the federal court may consider relevant state precedent, analogous decisions, considered dicta, and any other reliable data. *Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 875 (8th Cir. 2011); *Council Tower Ass'n v. Axis Specialty Ins. Co.*, 630 F.3d 725, 728 (8th Cir. 2011).

This Court believes that the Missouri Supreme Court would find that Defendant does not need to obtain a private investigator business license to provide the services it provided to Plaintiff. As noted above, under Mo. Rev. Stat. § 324.1104, any person engaging in a private investigator business must be licensed. As noted above, § 324.1100 (16) defines "private investigator business" as,

> the furnishing of, making of, or agreeing to make, any investigation for the purpose of obtaining information pertaining to: . . . (b) The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person; . . . (e) Sale of personal identification information to the public . . . .

Section 324.1100 does not define "investigation." When words are not used in a technical sense, the Missouri Supreme Court gives them their plain and ordinary meaning. *Mo. Prosecuting Attorneys v. Barton Cnty.*, 311 S.W.3d 737, 742 (Mo. 2010). As did the Missouri Supreme Court, in *Brown v. Carnahan*, 370 S.W.3d 637, 649 (Mo. 2012), this Court notes that Webster's Third New International Dictionary defines "investigation" as a "detailed examination . . . study . . . research . . . official probe," and defines

7

"investigate" as "to observe or study closely . . . to conduct an official inquiry." *See id.*[4]

Here, the Court believes that the Missouri Supreme Court would conclude that Defendant did not furnish, make, or agree to make an "investigation" for Plaintiff. Defendant provided Plaintiff access to databases that contained information. Plaintiff did not pay Defendant to "study" or "research" specific people. The information that Plaintiff received was by virtue of his access to and his searches on Defendant's databases. Because Defendant did not provide an investigation for Plaintiff, Defendant is not a private investigator business and thus is not required to be licensed under § 324.1104.

The Court further believes that the Missouri Supreme Court would conclude that Plaintiff's allegations of damages are insufficient as to the claims in Counts IV (breach of contract), V (misrepresentation), and VI (violation of the MMPA), each of which includes the element of damages. *See, e.g., Hoover v. Mercy Health*, ___ S.W.3d ___, No. ED 97495, 2012 WL 2549485, at *4 (Mo. Ct. App. July 3, 2012) ("An ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA."). Even assuming that Defendant was required to be licensed, Plaintiff has failed to allege how acquiring information from an unlicensed investigator has caused Plaintiff harm. As Plaintiff admits, his purchases were for his own personal and/or household use, and Plaintiff does not assert that the information he received was

---

[4] The court was interpreting Mo. Const. art. IV, sec. 13 to determine the extent of the state auditor's authority to "make . . . audits and investigations."

incorrect. Plaintiff has provided no case, nor has the Court found any, that suggests that Plaintiff may recover damages for receiving accurate information from an unlicensed private investigator business because of the absence of a license.

Furthermore, Defendant, in its Terms & Conditions, expressly disclaimed any representation or warranty regarding the accuracy of the information on its databases, and Plaintiff agreed to the Terms & Conditions when he contracted with Defendant. Lastly, no valid cause of action has been pled to support injunctive relief. *See, e.g.*, *Fletcher v. Conoco Pipe Line Co.*, 129 F. Supp. 2d 1255, 1264 (W.D. Mo. 2001) (explaining that there is no injunctive cause of action under Missouri or federal law; rather a plaintiff must allege some wrongful conduct for which an injunction is an appropriate remedy.)

Although Defendant also raised the CDA in support of its motion to dismiss, the Court does not believe that the CDA applies here. Under the CDA, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and expressly preempts any state law to the contrary, *id*. § 230(e)(3). The Act grants Internet service providers ("ISPs") with immunity from common law actions for defamation. *Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010). Even assuming that Defendant is an ISP, Plaintiff is not seeking to hold Defendant liable for the statements of

others.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. (Doc. No. 14.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 21st day of November, 2012

---

[5] The Court need not address Defendant's argument that § 324.1104 does not create a private right of action for clients of private investigator businesses, because as Plaintiff argues, he is not seeking to recover damages under that statute, but rather under the MMPA and theories of common law.